## JOSEPH LAVEIRGE v. JAMES C. DAVIS.[1]

January 15, 1926.

No. 24,999.

**Action dismissed for want of jurisdiction.**

The United States was the proper party to maintain an action for the destruction of growing timber by fire negligently set by defendant where the land on which the timber was destroyed is held by an Indian under a restricted patent prohibiting the patentee from selling, leasing or in any manner alienating the land without the consent of the President. It appearing that such an action had been brought in the proper Federal court, this action in the state court was rightly dismissed.

Courts, 15 C. J. p. 1161 n. 60.
Indians, 31 C. J. p. 543 n. 52.

[1]Reported in 206 N. W. 939.

Action in the district court for Carlton county to recover for destruction of timber by fire. Plaintiff and his attorneys appealed from an order, Kenny, J., denying their motion to determine the fees of plaintiff's attorneys and from the judgment dismissing the action for want of jurisdiction. Affirmed.

*Arnold, Hollister & Arnold,* for appellants.

*Baldwin, Baldwin, Holmes & Mayall* and *Lafayette French, Jr.,* United States District Attorney, for respondent.

HOLT, J.

The appeal is from a judgment refusing to fix the fees of plaintiff's attorneys and dismissing the action for want of jurisdiction.

After the liability of defendant for the damages caused by the fire which devasted Cloquet on October 12, 1918, had been established in court, the government authorized the defendant to settle with those who suffered loss through the same fire. Plaintiff accordingly filed a claim with defendant through Arnold & Arnold, attorneys employed by him to collect damages by suit or otherwise, for the destruction by the fire of the growing timber on a 40-acre tract to which he has a so-called restricted or trust patent from the government. P. R. Wadsworth, as superintendent of the consolidated Indian agency at Cass Lake, under the interior department of the United States, also filed in behalf of plaintiff a claim with defendant for the same loss. Thereafter in the district court of Carlton county, plaintiff instituted this action and later when defendant expressed a readiness to settle, Arnold & Arnold, plaintiff's attorneys, moved the court to fix their fees and authorize defendant to pay the same and the residue to plaintiff. When the motion came on for hearing the United States district attorney appeared specially and moved to dismiss the action for want of jurisdiction. Defendant also by supplemental answer pleaded that the United States, as guardian of the person and property of the plaintiff, had commenced an action in the United States district court for the district of Minnesota against this defendant, to recover for the same loss as in this action. The motion of Arnold & Arnold was denied and that of the United States district attorney granted.

The record discloses this situation: Plaintiff is a Chippewa Indian of the Fond Du Lac band and, as beneficiary under the treaty concluded between the Chippewas and the United States on September 30, 1854, and the general allotment act of February 8, 1887 (24 St. 388-391), received a patent to the land in question containing the stipulation and restriction that plaintiff "and his heirs shall not sell, lease, or on any manner alienate said tract without the consent of the President of the United States." Section 5 of the Act of 1887 provides that the lands allotted shall be held in trust for the benefit of the Indian for 25 years and then be conveyed absolutely to him or his heirs, but with right of the President to extend the period. It also appears that, as to the land in the territory here involved, the President in 1921 extended the period for 10 years additional. Although the instrument issued to plaintiff does not conform strictly to the terms of the general allotment act of 1887, the legal effect is that the United States has not surrendered the right to protect the interest of the Indian in the tract of land covered by the so-called patent.

Plaintiff contends it to be settled that the courts of a state are open for the redress of any wrong an Indian may suffer in person or property precisely as they are open to any other person. Bemway-bin-ness v. Eshelby, 87 Minn. 108, 91 N. W. 291; Felix v. Patrick, 145 U. S. 317, 12 Sup. Ct. 862, 36 L. ed. 719; Smith v. Mosgrove, 51 Ore. 495, 94 Pac. 970. On the other hand, the United States district attorney and the court below took the view that the growing trees destroyed by the fire were part of the real estate which in this case still is held in trust for plaintiff by the government, hence the damages for their destruction cannot be received or disposed of by the Indian without its consent. McKay v. Klyton, 204 U. S. 458, 27 Sup. Ct. 346, 51 L. ed. 566, is relied on. There it was expressly held that prior to the act of Congress of 1894 (28 St. 286), considered in Hy-yu-tse-mil-kin v. Smith, 194 U. S. 401, 413, 24 Sup. Ct. 676, 48 L. ed. 1039, "controversies necessarily involving a determination of the title and incidentally of the right of possession of Indian allotments while the same were held in trust

by the United States were not primarily cognizable by any court, either state or Federal." By the act of 1894 Federal courts alone were given jurisdiction in such controversies. Sunderland v. U. S. 266 U. S. 226, 45 Sup. Ct. 64, 69 L. ed. 259, holds that the government may in its own court institute a suit to cancel a judgment of a state court which had quieted the title to a purchaser from an Indian allottee, the government not having been a party to the action in which the judgment was rendered.

From the memorandum of the learned trial court it appears that lack of jurisdiction was the sole ground upon which the decision was rested, and no weight was given to the fact that the United States, in plaintiff's behalf, had instituted a suit for the same cause of action against defendant in the United States district court. We prefer to place our affirmance on the ground that the United States is the proper party to maintain the action in plaintiff's behalf and not plaintiff personally. The cases are numerous where the government has instituted actions to protect the pecuniary interests of Indians growing out of or depending on trust patents to allotments or to personal property bestowed on them by the United States for their beneficial use. U. S. v. Allen, 179 F. 13, 103 C. C. A. 1; U. S. v. Gray, 201 F. 291, 119 C. C. A. 529; U. S. v. Fitzgerald, 201 F. 295, 119 C. C. A. 533; U. S. v. Rickert, 188 U. S. 432, 23 Sup. Ct. 478, 47 L. ed. 532; Heckman v. U. S. 224 U. S. 413, 32 Sup. Ct. 424, 56 L. ed. 820.

It cannot be denied that the United States, by virtue of the restrictions in the patent in question, has still the right to protect plaintiff's interests, not only in the land itself but in the trees thereon or the proceeds therefrom if deemed necessary to so do. Starr v. Campbell, 208 U. S. 527, 28 Sup. Ct. 365, 52 L. ed. 602, involved the proceeds for timber cut by permission of the government on land patented to the plaintiff with the same restriction as in the patent in the case at bar, and it was held that such proceeds were still under the control of the President to be used for the Indian's benefit as the President might direct through the proper government agency. The United States having deemed it necessary to

bring an action to protect and enforce the interests of plaintiff in a matter as to which he may still be considered its ward, it was proper to dismiss the action he instituted. Such being the result, of course the rights of his attorneys to have their fees fixed herein fails. Furthermore the attorneys are made parties defendant in the suit instituted by the United States and no doubt justice will be given them therein.

The judgment is affirmed.